DES MOINES & MINNEAPOLIS R. CO. *v.* CHICAGO & NORTH-WESTERN R. CO.

*(Circuit Court, D. Iowa, C. D January 21, 1881.)*

1. GENERAL SOLICITORS—INSTITUTION OF SUIT—AUTHORITY.

The general solicitor of the plaintiff corporation, being an officer unknown to the articles of incorporation and the by-laws, has no authority to institute and prosecute suits without the sanction of the board of directors, and such sanction not appearing in this case, the suit was dismissed on motion.

Motion to Dismiss.

McCRARY, C. J.   These cases are before us on motions to dismiss upon the ground that the plaintiff has not authorized their institution, and because the president of the plaintiff has directed their dismissal.   The suits were instituted by the general solicitor of the plaintiff corporation, without the authority of the board of directors.   The president of said corporation has directed their dismissal.   It is not necessary to consider whether the president of a corporation can, without the assent of the board of directors, dismiss a suit which has been instituted by proper authority in the name of such corporation.   Much must depend, in all such cases, upon the provisions of the charter and by-laws of the corporation, and of the statutes by which it is governed.   We have examined the articles of incorporation and the by-laws of the plaintiff, the Des Moines & Minneapolis Railroad Company, as well as the affidavits submitted to us, and we find nowhere any authority conferred upon the general solicitor of that company to institute a suit in its name.   The office of general solicitor is not mentioned in said articles or by-laws, and no evidence is offered tending to show that the board of directors ever took any action looking to the institution of these suits.   In the absence of such action, and in view of the fact that the board has never ratified the action of the solicitor in instituting these suits, we are obliged to hold that they are here without the authority or consent of the plaintiff. The general solicitor, being an officer unknown to the articles of incorporation and the by-laws, must be regarded as simply the agent and employe of the corporation, with authority only to execute the orders of the board of directors.   It is claimed that, although the board has taken no official action upon the subject, a majority of its members favor the prosecution of these suits.   If this be so, that majority can very easily find means to make it well known.   The board of directors is the ultimate authority to decide this question. Whatever action the court might take upon the present motion, these suits could not be prosecuted to judgment against the wishes of a majority of the board.   Nor can the president prevent their prosecution if the board decides that they shall

go on.   What we hold now is that the solicitor has no authority to institute and prosecute suits without the sanction of the board, and that such sanction does not appear in these cases.   The motion to dismiss will be sustained, but should the board of directors hereafter order that a motion to re-instate the cases be made, and that the suits be prosecuted to judgment, the court will order their re-instatement.

LOVE, D. J., concurs.